## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| NAEEMAH MUNIRAH WALLER | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *     Civil No. 24-0890-BAH |
| TRANSUNION, LLC, | * |
| Defendant. | * |
| | * |

\*   \*   \*   \*   \*   \*       \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Naeemah Munirah Waller ("Plaintiff") brought suit against TransUnion LLC ("Defendant") alleging violations of the Fair Credit Reporting Act ("FCRA" or "the Act"). ECF 3 (complaint).[1] Pending before the Court are Defendant's motion for judgment on the pleadings, ECF 13, and Plaintiff's motion for summary judgment, ECF 14. Defendant filed an opposition, ECF 16. Additionally, Plaintiff filed a rebuttal, ECF 12, in response to Defendant's answer, ECF 8.[2] All filings include memoranda of law and exhibits.[3] The Court has reviewed all relevant filings

---

[1] Plaintiff disclaimed consent to the Court's jurisdiction in the complaint. ECF 3, at 1 ("Plaintiff, . . . not submitting to the Court's jurisdiction, respectfully files this claim for damages and other relief against Defendant[.]"). Nonetheless, it is axiomatic that a plaintiff does, in fact, impliedly consent to the jurisdiction of a court through the filing of an action before that court. *See, e.g., Adam v. Saenger*, 303 U.S. 59, 67 (1938) (finding that through the "voluntary act in demanding justice from the defendant," a plaintiff has "submitted himself to the jurisdiction of the court).

[2] Plaintiff alleges somewhat divergent claims in each filing. For example, in the complaint, she claims that TransUnion violated 15 U.S.C. §§ 1681(a)(3) and 1681i(a)(1)(A), *see* ECF 3, at 1–2, while in the rebuttal, she asserts additional violations of 15 U.S.C. §§ 1681(b) and 1681e(b), *see* ECF 12, at 2. Finally, in her motion for summary judgment, Plaintiff focuses on an alleged violation of section 1681(a)(6)(A) alongside her prior claims. Because Plaintiff is *pro se*, the Court will analyze each claim in full, pursuant to its duty to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Plaintiff's motion for summary judgment is **DENIED** and Defendant's motion for judgment on the pleadings is **GRANTED**.

## I.    **BACKGROUND**

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 52 (2007). The FCRA requires that consumer reporting agencies meet the needs of consumers through adoption of procedures which are "fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b).

Plaintiff brings claims against Defendant under the FCRA. Plaintiff's claim appears to arise out of an allegedly inaccurate credit report sent by Defendant. ECF 3, at 1. Plaintiff, whose second name is Munirah, notes that she received a copy of her credit report from TransUnion in October 2021 that incorrectly stated her middle name as "Mary." *Id.* at 2, 14. Shortly thereafter, she contacted TransUnion through emailing the CEO as well as filing a complaint with the Consumer Financial Protection Bureau to notify TransUnion of the error and to ask that it be corrected. *Id.* at 2. In response to her email to TransUnion's CEO, Plaintiff received a notice, evidently sent from TransUnion's "Executive Escalations" department, that her concern was being reviewed. *Id.* at 13. Plaintiff does not indicate that any other communication was received from TransUnion until February 2024, when she requested and received another credit report, which still recorded her middle name as "Mary." *Id.* at 1, 7. In her motion for summary judgment, Plaintiff additionally points to a third communication from TransUnion, received in May 2024, which included the incorrect name. ECF 14, at 2.

Plaintiff asserts that both the misstatement of her middle name, as well as TransUnion's failure to correct the error, constitute violations of multiple provisions of the FCRA. ECF 1, at 2–3. She alleges that "Defendant's willful and negligent noncompliance" with the FCRA has caused "serious and irreparable" harms, including emotional distress, mental anguish, weight loss, anxiety, insomnia, embarrassment, reputational harm, and financial harm. ECF 3, at 3. Plaintiff reports a fear of identity theft and denial of credit extensions as a result of the misspelling. *Id.* Additionally, in Plaintiff's motion for summary judgment, she also alleges that Defendant violated the FCRA when it sent, through counsel, two pieces of correspondence without her "authorization." ECF 14, at 2–3. The first, received on May 15, 2024, was an email from Defendant's counsel Buchanan Ingersoll & Rooney PC which informed Plaintiff that the name "Mary" had been removed from her record. ECF 14-2, at 2. The second, received on May 23, 2024, and also allegedly sent from Buchanan Ingersoll, was a letter indicating that the disputed information no longer appeared on Plaintiff's TransUnion credit report. ECF 14-3, at 2–4.

In response, Defendant argues that, as a matter of procedure, Plaintiff's suit must be dismissed as untimely under the FCRA's applicable statute of limitations. ECF 16, at 5–6. Substantively, Defendant argues that the misstatement of Plaintiff's middle name has no bearing on her creditworthiness and is this not actionable under the FCRA. *Id.* at 6–8.

## II.    LEGAL STANDARD

### A.    Judgment on the Pleadings

Defendant has filed a motion for judgment on the pleadings. The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Bierman Fam. Farm, LLC v. United Farm Fam. Ins. Co.*, 265 F. Supp. 3d 633, 637 n.

3

5 (D. Md. 2017). In assessing this motion, therefore, the Court will discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

### B.    Summary Judgment

Plaintiff, meanwhile, has filed a motion for summary judgment, ECF 14. Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

4

Summary judgment is generally not appropriate if "the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Ind., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). While it is typically preferable for a nonmovant to register their opposition to a premature motion for summary judgment through filing a formal affidavit pursuant to Rule 56(d), the Fourth Circuit does not insist on its absolute necessity. *See Putney v. Likin*, 656 F. App'x 632, 638 (4th Cir. 2016) ("We have not insisted on an affidavit in technical accordance with Rule 56(d) 'if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary.'" (quoting *Harrods*, 302 F.3d at 244)).

Finally, because Plaintiff brings this suit pro se, the Court must liberally construe her pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at \*1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III.   ANALYSIS

As an initial matter, the Court determines that a summary judgment analysis is inappropriate at this stage. Though Defendant has not filed a formal Rule 56(d) notice, it has, in

its response to Plaintiff's motion for summary judgment, adequately informed the Court that more time is needed for discovery. Specifically, Defendant avers that "discovery has not yet even commenced" in this action. ECF 16, at 3. The Court therefore agrees that a consideration of whether to grant summary judgment is premature. Accordingly, the Court will only consider Defendant's motion for judgment on the pleadings, which, as noted above, is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss.

Turning to the underlying arguments, Plaintiff claims that Defendant's misstatement of her middle name and its failure to correct the information, along with Defendant's counsel's "unauthorized" mailings, constitute multiple violations of various provisions of the FCRA. The Court considers each subsection that Plaintiff purports to bring a claim under as they related to her primary contentions of inaccurate reporting, failure to investigate, and unauthorized communications.

## A.    Statute of Limitations

Defendant counters that Plaintiff's complaints are time-barred by the FCRA's two-year statute of limitations. 15 U.S.C. § 1681(p) provides that any FCRA action must bring their action within the earlier of "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." Here, Defendant argues that Plaintiff is clearly outside the statute of limitations, pointing to her own admission in the complaint that she contacted TransUnion on October 16, 2021 to request deletion of the incorrect middle name listed on her consumer report. ECF 13-1, at 4 (citing ECF 3-1, at 2). This indicates, Defendant argues, that Plaintiff discovered the violation on or before that date, and therefore well in advance of the date she filed suit in March 2024. *Id.* In response, Plaintiff asserts that the statute of limitations "resets" on new discovery of

6

the same "continuing violation[]." ECF 12-1, at 3. She indicates that she discovered TransUnion was still including the erroneous name on her credit report in February 2024 and so commencement of the suit in March 2024 is "indisputably timely." *Id.*

There is some disagreement among district courts over whether a plaintiff's re-filing of a report concerning the same underlying dispute effectively restarts the statute of limitations clock. *See Lavender v. Experian Info. Sols., Inc.*, Civ. No. 21-4739, 2023 WL 3739041, at *6 (E.D. Pa. May 30, 2023) (collecting cases). Several courts have concluded that allowing additional reports to reset the statute of limitations would permit plaintiffs "to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency." *Bittick v. Experian Info. Sols., Inc.*, 419 F. Supp. 917, 919 (N.D. Tex. 2006). Others have held that each alleged failure to comply with FCRA obligations "constitutes a separate FCRA violation, even though the violations stem from the same allegedly false or inaccurate credit information." *Marcinski v. RBS Citizens Bank, N.A.*, 36 F. Supp. 3d 286, 290 (S.D.N.Y. 2014).

While neither the Fourth Circuit nor other courts in this district have directly considered the question, there is some precedent to suggest that separate reports sent later but regarding an earlier yet ongoing dispute are not barred by the statute of limitations. *See Alston v. Wells Fargo Bank, N.A.*, 8:12-cv-03671-AW, 2013 WL 990416, at *2 (D. Md. Mar. 12, 2013) (holding that the statute of limitations did not bar dispute reports the plaintiff made within two years of commencing the action, even though the dispute concerned an alleged violation that occurred outside the limitations period). Here, Plaintiff indicates, and Defendant does not dispute, that the incorrect name "Mary" appeared on credit reports she received from TransUnion in both October 2021 and February 2024. *See* ECF 3, at 1–2, 7. Though the same error was repeated in both reports, the Court will treat the instance of the error in the February 2024 report as coming within the statute

of limitations. However, the Court is of the opinion that Plaintiff's claims stemming from the report sent in October 2021 are barred by the FCRA's statute of limitations.

**B.      Cited provisions of the FCRA do not give rise to a cause of action for Plaintiff's claims regarding misspelling of her middle name**

Even assuming that all of Plaintiff's claims are not barred by the statute of limitations, they are nonetheless not actionable. Plaintiff's first claim concerns the incorrect middle name listed on the consumer report sent by TransUnion. In her complaint, Plaintiff argues that Defendant's misstatement violates section 1681(a)(3) of the FCRA because, in Plaintiff's construction, the error indicates that Defendant has "continually fail[ed] to ensure accuracy when assembling and evaluating other information on Plaintiff's consumer report." ECF 3, at 2. In the rebuttal offered to Defendant's answer, Plaintiff additionally offered the new argument that the inaccuracy ran afoul of section 1681(b), implicating Defendant's duty "to maintain accurate information." ECF 12, at 2.

15 U.S.C. § 1681(a)(3) lays out Congress' finding that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," while 15 U.S.C. § 1681(b), as noted *supra*, reads, "[i]t is the purpose of this subchapter to require that reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and reasonable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."

Neither provision can serve as a basis for Plaintiff's claim as to the misstatement of her middle name. Both are statements of legislative intent and do not give rise to causes of action. Federal courts in other districts have explained that sections 1681(a) and 1681(b) "do not create duties that a defendant can be liable for violating because they merely explain why the FCRA was enacted – they do not instruct entities to do or not do anything in particular." *Gary v. Experian*

8

*Info. Sols., Inc.*, No. 1:22-CV-1813-SCJ-JSA, 2023 WL 2175751, at *2 (N.D. Ga. Jan. 9, 2023); *see also Carrion v. United Student Aid Funds, Inc.*, No. CV 15-00829 BRO, 2015 WL 13914997, at *2 (C.D. Cal. Aug. 18, 2015). Plaintiff's putative section 1681(a)(3) and section 1681(b) claims must therefore be dismissed.[4]

### C.   Duty to Investigate

In addition to her arguments regarding the misspelling of her middle name itself, Plaintiff also alleges that TransUnion violated two additional provisions of the FCRA by failing to properly investigate the incorrect information. Each claim is dealt with in turn.

### 1.   *Plaintiff has not pled facts sufficient to show standing under section 1681e(b)*

Plaintiff claims that TransUnion engaged in a "willful violation of 15 U.S.C. § 1681e(b)" inasmuch as it did not correct her middle name after she brought the error to their attention. ECF 12, at 2. Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." A consumer reporting agency violates section 1681e(b) if "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Cap. Associated Ind., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001).

As a threshold matter, the Court finds that Plaintiff has not alleged facts sufficient to show standing to bring a section 1681e(b) claim. The Fourth Circuit has held that a private plaintiff

---

[4] Even assuming *arguendo* that Plaintiff had brought suit under a proper provision of the FCRA, it is unlikely that the report's misstatement of her middle name would be actionable. Other courts have suggested that "slight name differences" do not give rise to a cause of action under the FCRA as it is doubtful whether such an inaccuracy "would mislead in a way that would adversely affect credit decisions." *Nichols v. Credit Union One*, No. 2:17-cv-02337-APG-EJY, 2020 WL 5821828, at *3 (D. Nev. Sept. 30, 2020).

bringing a claim under this section must show that a credit bureau "disseminated information to third parties" in order to "satisfy Article III standing." *Henderson v. Source for Public Data, L.P.*, 53 F.4th 110, 126 (4th Cir. 2022) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021)). Nowhere in any of her filings has Plaintiff alleged that TransUnion provided the inaccurate information about her middle name to any third party. Nor has she alleged any facts that would indicate a "material risk of future harm" sufficient to establish standing in the absence of evidence of dissemination to third parties. *Ramirez*, 594 U.S. at 435. Plaintiff has alleged that she suffered various forms of "emotional distress" and "physiological distress" as a result of TransUnion's actions, ECF 3, at 3, which might, in theory, be sufficient to establish standing. However, the Fourth Circuit has cautioned that "emotional distress [is] fraught with vagueness and speculation," and is therefore "easily susceptible to fictitious and trivial claims." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 241 (4th Cir. 2009) (quoting *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 503 (4th Cir. 2007)). Moreover, in the event that an inaccurate credit report is not disseminated to a third party, allegations of emotional distress that stem from "frustration with the dispute process and resulting depression, emotional distress, and economic damages are either insufficient or too conclusory to constitute a concrete injury" under the FCRA. *Evans v. Am. Collection Enter.*, 624 F. Supp. 3d 593, 601 (D. Md. 2022). As Judge Bredar observed, "[a]fter *TransUnion*," a Plaintiff "must show that his allegedly artificially deflated credit score was disseminated to a third party." *Id.* (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 414 (2021)). As Plaintiff does not allege that the inaccurate information was ever sent to a third party, and thus cannot show concrete harm, she likewise cannot successfully utilize her claims of emotional damages as a basis for establishing standing under section 1681e(b).

2.    *Plaintiff has not pled facts sufficient to show unreasonableness under section 1681i(a)(1)(A)*

Plaintiff also contends that TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) "by failing to . . . reinvestigate disputes regarding the inaccurate 'Mary' name on Plaintiff's credit report, despite receiving proper dispute notices starting in October 2021." ECF 12, at 2. Section 1681i(a)(1)(A) requires that, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer" and the consumer notifies the agency, the agency shall "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receiving the notice. "A claim under § 1681i requires showing that the [credit reporting agency] failed to respond or conduct a reasonable reinvestigation of the disputed items." *Jackson v. Warning*, Civ. No. PJM 15-1233, 2016 WL 7228866, at *8 (D. Md. Dec. 13, 2016) (internal citation omitted). However, "[t]he mere failure of a [credit reporting agency] to delete information does not raise a claim under § 1681i," as the statute "only requires the deletion of information if the reinvestigation reveals that the information is 'inaccurate or incomplete or cannot be verified.'" *Id.* (quoting 15 U.S.C. § 1681i(a)(5)(A)).

Here, Plaintiff has not pled fact sufficient to show that TransUnion engaged in unreasonable procedures. Instead, Plaintiff merely asserts the conclusory allegation that TransUnion's failure to correct the error "demonstrates a systematic failure of its procedures to assure maximum possible accuracy." ECF 12, at 2. This assertion is not, however, enough to sustain Plaintiff's claim. As noted above, another court in this district has concluded that a credit reporting agency's "mere failure" to delete disputed information does not, absent other evidence, indicate a violation of the FCRA, as the agency "might well have fulfilled their obligations under § 1681 by reinvestigating the disputed items and determining that they should not be deleted." *Jackson*, 2016

WL 7228866, at *8.    Here, Plaintiff does not offer any evidence of the supposed "unreasonableness" of TransUnion's investigation procedure, and her argument rests solely on her own characterization.    Because a complaint which offers only "labels and conclusions" is insufficient to state a claim for relief, Plaintiff's section 1681i(a)(1)(A) claim cannot proceed.[5] *Bell Atl. Corp.*, 550 U.S. at 555.

### D.    "Unauthorized Communications"

Finally, Plaintiff contends that she never "authorized" Defendant's counsel to send her correspondence via either physical or electronic mail, thus counsel's two communications in May 2024 run afoul of the FCRA's mandate "to deliver notices required under 15 U.S.C. § 1681(a)(6)(A)." ECF 14, at 2–3.

The Court cannot identify which provision of the FCRA Plaintiff purports to bring a claim under.    Subsection (a) of section 1681 only contains four items, not six, while section 1681a likewise does not contain a subsection numbered 6.    Looking elsewhere in the potentially referenced provisions of the Act, the remainder of section 1681 has nothing to say about correspondence between consumers and credit reporting agencies, while the references to "communications" in section 1681a only concern consumer credit reports themselves, not general mailings which might be related to credit reporting.    The FCRA does, in different places, detail certain requirements for correspondence regarding credit reports: section 1681m(d), for example,

---

[5] The lack of concrete harm might also foreclose Plaintiff's section 1681i(a)(1)(A) claim as well as the section 1681e(b) claim.    While the Supreme Court's decision in *Ramirez* only explicitly concerned the standing requirement for section 1681e(b), *see Ramirez*, 594 U.S. at 431, some other district courts have determined that *Ramirez*'s FCRA standing requirement informs a section 1681i(a)(1)(A) analysis as well. *See, e.g., King v. Equifax Info. Serv.*, Civ. No. 22-07484 WHA, 2023 WL 3006552, at *4 (N.D. Cal. Apr. 18, 2023) (holding that, pursuant to the Supreme Court's ruling in *Ramirez*, a plaintiff who had not pled "any inaccurate reporting actionable under the FCRA" could not bring claims under section 1681i).

requires persons who use a consumer credit report to follow certain procedures with respect to written solicitations sent to the consumer, but only and specifically "in connection with any credit or insurance transaction that is not initiated by the consumer." 15 U.S.C. § 1681m(d)(1). No such solicitation was at issue here; Defendant's counsel was only informing Plaintiff, on behalf of TransUnion, that the name "Mary" had been removed from her credit report. And while the FCRA does require consumer consent before some actions are taken place, such as in connection with an application for employment, *see* § 1681b(b)(2), or medical information, *see* § 1681b(g)(1), it says nothing about the need for consumers to affirmatively consent to passively receive general communications of the sort at issue here. Plaintiff's claim regarding "unauthorized" correspondence will therefore be dismissed.

## IV.    CONCLUSION

In sum, even assuming that all of Plaintiff's claims come within the statute of limitations, she has failed to allege facts sufficient to support a plausible claim for relief under the FCRA. For the foregoing reasons, Plaintiff's motion for summary judgment is **DENIED** and Defendant's motion for judgment on the pleadings is **GRANTED**.

A separate implementing Order will issue.

Dated: <u>December 18, 2024</u>

/s/
Brendan A. Hurson
United States District Judge
